PILGRIM OIL BURNER COMPANY, INC. *v.* RONALD G. WEIMAN ET AL.

BALDWIN, C. J., KING, MURPHY, MELLITZ and SHEA, Js.

Argued February 3—decided March 15, 1960

*Richard M. Feingold,* for the appellant (plaintiff).

*Maurice J. Sponzo,* with whom, on the brief, was *Francis J. McVane,* for the appellees (defendants).

MURPHY, J.   The plaintiff was incorporated in January, 1958.   Since then it has conducted a business which previously had been known as the Pilgrim Oil Burner Company, a partnership in which Richard J. Wetstone was a partner and the active operator.   He is the president and manager of the corporation.   The individual defendants, Ronald G. Weiman and Daniel J. Murray, Jr., were employed by the partnership.   After the corporation was formed, they continued to work for it for a few months.   Thereafter, they started in business in competition with the plaintiff and in August, 1958, organized the defendant corporation, The Hartford Wholesale Heating Corporation, which they still operate.   While employed by the partnership, Weiman and Murray signed separate agreements, inartificially drafted, not to compete in business with the partnership for two years after the termination of their employment.   For violation of the agreements, fines were to be paid—by Weiman in the amount of $2000, and Murray in the amount of $5000. The plaintiff brought this suit to restrain the defendants from engaging in business competition with the plaintiff and to recover money damages.   From a judgment for the defendants, the plaintiff has appealed.

In its complaint, the plaintiff alleges that it acquired all of the rights, title and interests in the Pilgrim Oil Burner Company by a bill of sale dated January 29, 1958. The complaint alleges further that Weiman and Murray had entered into the agreements described above and had later organized the defendant corporation to avoid the provisions of those agreements. It is obvious that any cause of action which the plaintiff asserts against the defendants arises from the agreements. It therefore became essential for the plaintiff to prove a valid transfer to it of such proprietary interests as the partnership had in the agreements. If, as alleged in the complaint, there was a bill of sale and it transferred to the plaintiff all of the assets of the partnership, including the rights in the agreements, that bill of sale would have been the best evidence of the conveyance. The finding of the trier recites that while the plaintiff claimed to have acquired all of the assets of the partnership, no documentary evidence was offered to prove what specific assets were legally transferred or the means used to accomplish the transfer. Although the plaintiff claims that this finding is in language of doubtful meaning, we encounter no difficulty in understanding it. It means that the plaintiff failed to prove the foundation upon which its right to relief depended. The lack of an appendix to the plaintiff's brief precludes examination of any oral or secondary evidence which may have been offered in an attempt to prove the transfer.

In the view which we take of the case, this discussion disposes of the appeal, and the issues raised by the other assignments of error are academic.

There is no error.

In this opinion the other judges concurred.